oh no yeah Lionel Jean-Louis versus Attorney General may it please the court my name is Craig Shagan I represent petitioner Lionel Jean-Louis Jean-Louis being the last name a hyphenated name I would like to reserve five minutes for rebuttal the principal issue that I'm arguing today I presented at the very first time I walked in a master calendar hearing in the requisite seven years that you need of continuous residence to be able to apply for cancellation of removal terminates either upon receiving the NTA for the commission of a crime listed in 212 a2 now in this particular case my client committed the crime of simple assault against the child false however he received the NTA after the seven-year period although raised at the first master calendar hearing the charge the NTA never said you committed the crime of involving moral turpitude or one listed in 212 a2 the charge of removability there was a charge of child abuse neglect or abandonment and that was admitted to as were the all the allegations we knew that there would be an issue with me when we went in there and we were prepared with a brief which we submitted stating that because it was not listed in 212 a2 it should therefore be permitted that we file a cancellation of removal application at the second before the second master calendar hearing the trial counsel came in with a alleging that my client had committed an aggravated felony clearly on erroneous facts and withdrew it there was some discussion in the court at that time as to whether which of the crimes was a crime involving moral turpitude and whether the government was going to amend its charges and the judge offered them an opportunity to brief before the next master calendar hearing where the cancellation of removal application was submitted nothing came in the full hearing on it a very painful hearing and at the end of the hearing the only objection to by the government to the presentation was you don't qualify for cancellation of removal again because of the seven-year residency the case comes down as I see it based on the judge's opinion as to whether the crime of simple assault against a child is in fact a crime involving moral turpitude in Pennsylvania and I think there are two excellent cases from the circuit that can guide us here the first is party kiss if I pronounce that correctly yeah but it involved simple assault say almost identical language to the simple assault statute in Pennsylvania but it made it a third degree felony if it was against the police officer but they weren't only required negligence so that that ruling didn't help us a whole lot in fact it said if it required recklessness then it could be a crime involving moral turpitude now maybe that was because it had the police aspect to it but but I don't know what that part Tika really does that much for you and and what makes things more confusing is that footnote in in the IJ's opinion footnote three court notes it is unclear from the record of conviction whether the assault responding committed against a child under 12 was intentional knowing or reckless so we're kind of sliding around well I think I let me just mention the other case because I think it'll help the discussion and that's the Maybrook case which just came down unfortunately after I briefed this one now going back to what the meaning of a crime involving moral turpitude is it has to be a reprehensible it has to be more than just a crime it has to be something that is morally reprehensible something that is by its nature against the morals of society as enunciated and we know in Pennsylvania that a corporal punishment against the child which is what this involved is permitted in Pennsylvania okay if you're going on a categorical approach mm-hmm corporal punishment of a child is what's explained later on in the BIA proceedings and really doesn't enter into is this crime a crime of moral turpitude because we're not all of his testimony about what he did and what I agree that's irrelevant I agree with your honor that's irrelevant that would be relevant of course for whether discretion should be exercised not here however if you can see that those facts can exist and you can still be convicted under the statute then the categorical approach should apply and what makes it unique what makes it I think unique of all crimes is that what you're talking about here is judgment of a parent against vis-a-vis their actions or a teacher and there are cases in Pennsylvania of teachers throwing students against the locker simple assault against the child even if the teacher was trying to impose discipline even if the truck the teacher was trying to do something correct in in in terms of his role in as a parent Lucas I'll argue your case even one farther and that is you're talking about conduct directed as a child the way this statute is written it just involves a person over and a person under what about reckless horribly reckless driving where that they're the drivers 24 and the child happens to be 10 times on the brakes it hurts the child and Partika one of the cases says you know drunk driving certainly doesn't qualify well I mean I can imagine very conduct that would not be seemingly a CIMT but that would fit within this but the response seems to be to that oh okay but recklessness with the aggravating factor yeah but it's the aggravating factor that it happens to be a child or does it have to be that it's directed at a child as I read the statute it just has to be a child because what it says is if I have it here the exact language is against the child 12 years of age by an adult 21 years of age or older in which case it is a misdemeanor of the first degree it's just grading it's not changing the intent it's not changing the activity and the three things that that can lead to that or attempts to cause or intentionally knowingly or recklessly causes bodily injury to another and when you read how that's interpreted by a by our suggested and I think that's a good way to begin this the suggested jury instructions it is very broad indeed you do not have to do very much to get yourself under that statute and just because it is a child who is receiving it is enough to put you in the second grade and unlike in the judge says the IJ says that's also enough to put you under the stamp of a crime of moral turpitude correct isn't that what she said that that is what she's saying but I don't see how the conduct of the on the on the page where she goes into her analysis page 18 of the record a little thin one let me just ask a background question do the IJs write their own opinions I know in the Social Security Administration you've got folks who are opinion writers you have opinion writers in the immigration court I believe you do I my guess is that's what happened here because there were an awful lot of just mistakes on and secondly are these public hearings where you had all the testimony of mr. Jean-louis and and the evidentiary hearing you have with her or they they're I know they're administrative but they're administrative I don't think there was anybody there but us and of course the court at the trial counsel okay okay so so she's saying in two spots on page 18 in a sentence it doesn't quite make sense toward the end of the full paragraph there therefore as assaulting a child under the age of 12 is an aggravating factor the court finds that a violation is unquestionably a statute is unquestionably a crime involving moral turpitude and then dropping to my favorite footnote the last sentence again thus as discussed supra because the statute under which the respondent was convicted presents an aggravating factor the court finds that he has committed a CIMT um it seems to me that the analysis is that on its face as written however performed is unimportant on its face as written violating this statute is a crime of moral turpitude that that's what it seems this that's a her opinion right but why it could be drunk driving with the child in the car yes or doing any number of other activities that parents do with the children that are stupid wrong-headed poor parenting you know like having a child maybe ride a bicycle without a helmet or or putting the child on a two-seater bicycle without a helmet and falling over reckless yes simple assault possibly I would say yes is that so reprehensible that we would throw back to Haiti with I mean whatever the harm was to this child or to a child in that circumstance the greater harm I mean what is what is I'm running out of time what is let me ask one question you are running out of time but we have this huge record about what happened what happened here right but I'm assuming that what what we need to look at is the conviction itself yes can't consider this even though there's much argument in the briefs about parent and child and teachers and child and right that's all beside the point in a way it is except the way the reason why I included it was to show that in fact you can commit this crime not with a bad motive not with an evil heart but just being having poor judgment and the only reason why you have this record is we never got to argue this issue before the government never said this is your crime of moral turpitude this is why your clock stopped and I cannot tell you this it's like playing tennis without a net it's so frustrating to go in there and say hey this is the issue I know it's the issue and expect them to come back and say okay this is why we think the clock stopped and then argue about it so the relevant judge who's hearing the case can make the decision but this is all like that this is what they're pursuing and I need a continuance to this they never said what they were pursuing and in fact the judge directed them to do it and they didn't do it well she made it up it was after the fact after all the testimony that's what at the very end counsel for the government says oh and by the way you don't qualify because we don't think you qualify and even then I mentioned which statute which of the violations resulted in this and I'll take two minutes off of my rebuttal time because I know I won't know thank you thank you for that offer this is not the ninth circuit however mr. Conway save the government some money today I'm sorry that two arguments in one day we saved some travel I know and I tried to say the government will buy not taking the Acela but the train that I was on broke down so I had to take you so I'm not taking it back though I went that far unless that one breaks down as well I get that all the time on the Metro as it is I guess I will say for the record that my name is Kevin Conway to represent the the respondent in this matter why is this crime a crime involving moral turpitude simple assault where it happens that the person committing is over 21 and the person who happens to experience the bodily injury because of recklessness is under what is it 11 under under under 12 actually but in this case the individual was 11 years old at the time is that a crime the least culpable conduct crime involving moral turpitude I think that the reason is is in that you could take some the I guess these matter of tram which is a BIA decision informed might inform your decision that way you have a situation where there's familiar there's a familial familial relationship that it makes the in there is this type of activity that goes on in that and it makes it a more reprehensible or makes it a reprehensible and violent intruding on the family relationship grading how a parent disciplines a child and raising it to the level of a crime of moral turpitude how is there any kind of common sense in terms of the power that I think a parent who says I come from another country I didn't realize this was not done here and goes to parenting classes I mean is that reprehensible I think that's pretty damn responsible well without without looking I mean of the record is replete of what went on here at this point why don't we just look at the statute okay and by the way it's not that replete there's a lot of disputed facts leading one to conclude that rather than resolve the facts the came up with this analysis I would argue that the the petitioner wasn't completely should have should not have been completely surprised by the fact that the there was they were looking into the stop time rule on this meaning because of the fact that they raised the issue of cancellation of removal the Government Council at the time that it was raised said I don't know that I can you know that he's eligible for this so I have to look into it and because we already knew that the offense did not occur within the five years from the time he you know in order for him to charge him as a CIMT to be removable because of a CIMT he would have to have happened within the first five years of his residency in the United States we knew that wasn't the case so they should have been unnoticed that what they were looking at was the seven-year continuous presence in the United States okay the statute as it's you know as it's as it was charged and as it was pled guilty to and as he was charged under the NTA and conceded was it was the charge of under 2701 b2 which says that an intentional knowing or reckless assault on a child or beating of a child a person under 20 under 11 under 12 years of age and by a person over 21 isn't is a assault I mean it's simple solve with an aggravated let's be specific let's read the statute attempts to cause or purposely knowingly or recklessly causes bodily injury to another and then it happens that the person doing it is over 21 the other person's under 21 I mean recklessly causing bodily injury and then you realize later that after you've swung the baseball bat and you shouldn't have that you're over 21 and the child is under 12 and all of a sudden you've committed a crime involving moral interpretation isn't there something a little bit wrong with that under the categorical approach well I think I shouldn't say wrong with it but doesn't fit does it you could argue that that is that is the case your honor that you know the reckless part of it you know it could be something that was taking all the other evidence out of it yes I guess that's that's true because you have to take the evidence out don't we another one of the categorical approach we do yes your honor and but I would also point the invite the judges to look at the particular case which counsel is has relied upon in this case in one particular in which the court said that in this particular case we did not find that it was a knowing intentional or reckless however if we did find that it was a knowing intentional or reckless act and we would agree with the crime involving moral interpretive but that was I guess the police officer why don't know why why would a police officer be any why would a child be any less protected than a police officer and then it was directed at us compared to here the way it's written it just so happens that the person is under 12 but let me leave my council my brother council also said that the statute says directed against an individual so it's violence or I'm sorry bottle you know a some action that is causes bodily injuries directed against the child or it says we're says where the actors over 21 and the child too many papers here but I think and you may be right then under Partique maybe Partique it was decided but it did say where it does is a law enforcement officer and maybe it isn't where it was directed at but it's bodily injury too but of course they didn't really reach that they decided it was negligent so that aspect of it what did not need to be as carefully reasoned as a holding which is what we're what we have to do correct I understand that your honor and your point is well taken because of the fact that but but by because there's a reckless element to it you know I guess there is a possibility that it is something that would not be directed well not really sure how I would respond to that what it says I've got it now in 27 of the blue brief it's or recklessly and then it says against committed unless it's a misdemeanor unless committed against a child under 12 years age by an adult so it doesn't seem like it had to have been directed at and I think that the reason that the immigration judge in her deliberations are in her process because there was a higher gradation for that the simple assault offense because it was of those aggravating circumstances where the perpetrator is over the age of 21 that incident to her thought process and that's why she found that that was an aggravating circumstance which road made this rise a level of a crime involving moral turpitude but again we can't look at the facts of this case we look at the simple language of the statute and that can incorporate many many situations so she the aggravating factor aspect is that written in stone somewhere as to what you know what is this aggravating factor that would take recklessness into something it would be morally turpitude in this I don't think that that's written anywhere that that the gradation or the fact that they were in the status of the two individuals is one being a minor one being over the age of 21 I mean I could see here that if it were bodily injury with the activity reckless activity being directed at a child of under 12 and somehow I would think that all right you're you're doing that recklessly directly at a child as compared to seems to be it can be happenstance it's committed against but you know he didn't know or or intended to be committed against and the fact that it's still a misdemeanor yeah doesn't that indicate that it's meant to cover all sorts of situations which would not be crimes against moral crimes involving moral I don't think the fact that it's a misdemeanor really plays into whether it's a crime involving moral turpitude or not that's that's a like we were saying before it's gradation but I don't think that makes it any more or less turpitude in this because it's called a misdemeanor as opposed to a felony bone because I mean this this individual could have received five years imprisonment that seems to be a I simple assault five years for a an assault with these aggravating circumstances so it seems to me that just because you're calling it misdemeanor doesn't necessarily mean that it's a it's a not a serious offense well doesn't it does include something it was directed at so for instance you can think of you know the parent doesn't put the car seat in or does something and it's it is reprehensible but seems like the definition of itself doesn't require something to be that but I think that the the fact of the individual's status as being one under 12 and one over 21 that the recklessness it makes it worse I mean it makes it the fact that there's recklessness in there that has to be something more than then I was you know vacuuming my rug and I ran over the toe of a baby you know why are we throwing recklessness in I thought that she made a finding that the record doesn't evidence that and that and that we're going on the least culpable level aren't we that is least culpable level is is the recklessness then that's that's what we're looking at it from the categorical approach I thought we had to look at it because of those those are the three but it allows for happenstance it allows for reckless conduct that is committed against committed against someone under 12 where well I think the language committed against makes it less you know something doesn't it takes it away from accidental it makes it something and with the ages okay well assault doesn't necessarily have to include bodily harm bodily injury you assault can be without even the you can assault somebody I my understanding of it is you can assault something without them even there may be no one they've been assaulted true but are we not really either trivializing the intensity of what a crime of moral turpitude is or unnecessarily elevating the culpability of somebody who violates that statute it just sounds terribly difficult to bring them up to the same level which is what's happening one down or one up I think I think if you're looking at it from court from a strictly catered from the categorical approach you can't you have to look at in order to see whether we're trivializing it or rising it up you'd have to look at the factual scenario and we're not doing that at this point and aren't we gonna have the opportunity to do that in the cancellation if you blew through this and and and didn't you know exercise the the stop clock doesn't all of this conduct come in in terms of the discretion if she made a discretionary finding as opposed to a preacher mission I imagine she would have had discretionary finding whether you know to whether they rate whether you get that's the third you know the third thing that you look at for guard you know way that you that you decide on cancellation is if they meet the first two prongs then you decide whether they rate discretionary and you're right your honor she would have had to have made that if if all those other things did you read the immigration in pursuing aliens and that they're going although they said they would try to promise Congress that they would focus on offenders that they seem to be going after easier and easier people to find and apprehend I did not read that I but I do I do recall reading that the new head of Department of Homeland Security was had made a statement to the effect that they were going to be more aggressive in finding criminal aliens and in deporting criminal aliens set on the record when you find them how do you know that they're well hopefully they've already been found to be in removable in criminal aliens but that's way beyond my pay grade all right I assume you want us to decide this case as compared to allowing the appellant without our writing an opinion and go straight to cancellation you seem to you seem to understand the categorical approaches and I'm not sure what you mean by we won't want us to decide the case well I do want you to decide the case I want you decided on my for me but it doesn't seem like it's going to happen at the moment well based upon what judge Hayden was saying there you know even if we were to do X there's still the shoe other shoe may drop so let's see but we will decide the case thank you very much Council thank you your honor I think my colleague I just have a couple of quick points to make I mean the BIA itself has defined world's herpitude is a nebulous concept of where are they right there which refers generally to conduct which is inherently based vile or depraved contrary to accepted rules of morality and the duties owed between persons or to society in general and then in Particus that the court has said evil intent is a requisite element for a crime involving moral turpitude I don't think recklessness and evil intent go hand-in-hand here you don't the recklessness standard and when it is the mere fact that the the person is a child who is injured in it I don't think changes that and that's the issue it's the mere fact it could get down to what is committed against means well is it the mere fact that the person ends up being under 12 or is it committed against in committed again recklessly committed against I think what your honor is pointing to though is an intentional element then that if it's committed against it can't just be reckless it has to be intentional because if it's against directed against would suggest to me a little bit more than just recklessness would be more than for instance putting your kid on the back of you know in a backpack on a bicycle and having an accident which could very well be reckless but it would not be against because therefore you didn't intend to fall what you intended to do with something else and then just to compare this those quotes with may boo because I think that that's a good bookend to this case there the court looked at indecent assault against the child as being the least culpable under that particular statute it was a 15 year old and and I think a 19 year old but there you can you know the intentional element there was it had to be for sexual purposes either you know the person had to get sexual either satisfy their own sexual desire or to the victim now there's no good purpose for that there's nothing in that scenario that you can say that we could say as a society is appropriate we would say it's not we've made that determination and that if you're going to engage in sexual activity it's your business to know who you're doing it with and that it's appropriate and that you know we regard protection of children in that case differently than we do other people because of the you know the delicate nature of children and what sexual conduct can do to them so there the very conduct itself is much more is much more limited and much more evil if you will in the sense of being turpitudenous but mere bodily injury I would submit does not rise to the level of turpitudenous and you're absolutely right in this case gets remanded before Judge Malloy and if she doesn't believe our side of the case and decides as a know he this is you know unworthy conduct I have no I have no appeal here the court has made that clear so we're done I just want to ask you just a few questions because I recently stumbled over a staggering statistic apparently about a hundred thousand evidentiary hearings of all natures trials down to whatever are held before district court judges magistrate judges and bankruptcy judges compared to any year compared to 700,000 administrative hearings about how many cases would this administrative judge be hearing on a weekly basis far too many far too many to and what's at stake here is so high you know as I put Socrates chose death I mean there's a reason Abanishment can be a horrible horrible horrible thing not just for the individual who's leaving but also for the people behind this is one of the most extreme things you can do to a human being and they are overwhelmed and the system is overwhelmed and in a way it's overwhelmed because there is so little discretion that's left in the system and there are so many definitions that have been broadened. I'm also thinking about the nature of the hearing I mean that's why I asked are these in like little offices when and I'm not saying bad things happen I'm just saying we we're a little bit more aware and conscious when we are in a public forum and and and when there can be the idle stray observer and there's some kind of structure to it I think it must be a terribly difficult job with with this kind of result to the point of numbing you to the kind of result let alone the kind of analysis for me and I think the judge at the at the conclusion of this hearing when she gave us the order felt terrible about it I mean be that I mean it has nothing to do with the case as to the public nature of these they're pretty private and for asylum cases there's a good reason for that you know it's in part to protect the our clients you know I could picture you know the nice little reporter from Iran coming over and you know it would certainly change change the dynamics so you know for instance on appeals we often use initials and we try we try to in some way protect them to the extent you can in a case like this though you're not going to find reporters walking around the hallways but in family court this is this is a family court hearing and there's something a little bit dispirited about it anyway thank you okay well thank you thank you very much thank you counsel thank you for your candor cases well argued we'll take it under advisement